IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

     Plaintiff,

v.                                                Case No. 1:21-cv-00840-KWR-KK

AMERICAN BAR ASSOCIATION,
ALL BAR MEMBERS,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Donald "Tommy" Sharp's *pro se* Civil

Complaint (Doc. 1) (Complaint).  Sharp is a federal pretrial detainee.  He raises claims against all

bar members, particularly those lawyers who hold public office.  Having reviewed the matter *sua*

*sponte* under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the Complaint

with prejudice.

**BACKGROUND**

In late July of 2021, Sharp began filing daily complaints on behalf of himself and other

inmates.  *See Sharp v. State of New Mexico,* 2021 WL 4150418, at *2 (D.N.M. Sept. 13, 2021)

(listing each filing).  It appears Sharp filed or drafted about 55 cases over a five-week period.  *Id.*

The Court (Hon. William Johnson) issued an Order to Show Cause regarding filing restrictions,

and that matter is pending.  *See Sharp v. State of New Mexico,* 21-cv-700 WJ-SMV.

In the instant Civil Complaint (Doc. 1) filed August 26, 2021, Sharp asserts all members of

the American Bar Association (ABA) "advocate[] for the overthrow of government" and are "part

of a racketeering influenced corrupt organization."  Doc. 1 at 1.  Sharp believes the word BAR

stands for "British Accreditation Registry," and bar members are therefore "loyal to a foreign

country, Britain." *Id.*  As further evidence that the ABA is not an "American entity," he points out that ABA members have "Titles of Nobility from Britain that allows them to place Esquire after their names." *Id.*  Sharp believes that because all bar members are British nobility, they are prohibited from holding public office in the United States. *Id.* at 2.  He contends bar members nevertheless enter public office, which constitutes a felony, unconstitutional action, racketeering, and espionage. *Id.* at 2-3.  He also alleges "all attorneys … give aid and comfort to the enemy, the definition of treason, 18 U.S.C. § 2381." *Id.* (emphasis in original).  Sharp believes such "treason during war time … means [attorneys] can be immediately executed." *Id.*

Based on these allegations, Sharp asks the Court to prosecute all Bar members, arrest them, and "immediate[ly] strip[] … the citizenship of all BAR members holding elected office."  Doc. 1 at 3.  He also seeks at least $20 million in damages and "the seizure of all … Bar members' assets." *Id.* at 3-4.  Finally, Sharp hopes that "all Bar members … suffer death twice, the Second Death." *Id.* at 4.

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints against government officials.  Complaints must be dismissed if they are frivolous, malicious, or fail to state a cognizable claim. 28 U.S.C. § 1915A(b).  Sharp asserts claims against, inter alia, all bar members who hold public office.  His Complaint is therefore subject to initial review under § 1915A.  Alternatively, even if § 1915A does not apply, the Court has inherent authority to *sua sponte* dismiss a complaint that patently lacks merit.  *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, a court may dismiss *sua sponte* when it is patently obvious that the plaintiff

2

could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.").

To survive review, the plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* "At the same time, … it is [not] the proper function of the district court to assume the role of advocate." *Id.*

## DISCUSSION

The crux of the Complaint is that all ABA members - especially those who hold public office - committed crimes by virtue of their membership in the British nobility. The allegation that every single American lawyer holds a British title is not "plausible on its face," *Ashcroft*, 556 U.S. at 678, and "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining a frivolous complaint). The theory arises from the sovereign citizen movement, where individuals believe they exist outside the jurisdiction of the United States government. *See, e.g., Westfall v. Davis,* 2018 WL 2422058, at *3 (N.D. Tex. May 4, 2018) (dismissing complaint where plaintiff, a sovereign citizen, claimed "all lawyers and judges are

British nobility" and the "legal bar is in reality an acronym for 'The British Accredited Registry Association'").

The Tenth Circuit has repeatedly held that sovereign citizen theories have "no conceivable validity in American law." *Charlotte v. Hansen*, 433 Fed. App'x 660, 661 (10th Cir. 2011). *See also United States v. Palmer,* 699 Fed. App'x 836, 838 (10th Cir. 2017) ("As for [the defendant's] sovereign state citizen argument, reasonable jurists could … not disagree that the claim is plainly frivolous."). The Court will therefore dismiss the Complaint as frivolous and for failure to state a cognizable claim under Rule 12(b)(6) and 28 U.S.C. § 1915A. *Pro se* prisoners are often given an opportunity to amend, if the pleading defects are attributable to their ignorance of federal law. *See Hall*, 935 F.2d at 1110. However, the Court need not *sua sponte* invite an amendment here because Sharp's lawsuit against the ABA and all members is futile. Sharp is admonished to stop using rhetoric regarding execution and the death penalty. Any such filings will be forwarded to the United States Marshal.

**IT IS ORDERED** that Plaintiff Donald "Tommy" Sharp's Civil Complaint filed August 26, 2021 (**Doc. 1**) is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a cognizable claim; and the Court will enter a separate judgment closing the case.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

4